IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VERONICA SAMUELS, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLGOOD MANOR ASSISTANT HOME INC., SOPHIA DRUMMOND, and ERNEL DRUMMOND, <br><br> Defendants. | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

1. This action is brought as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216 to recover unpaid minimum wages and overtime pay owed to Plaintiff and all other similarly situated persons (collectively "Plaintiffs") who performed services for Defendants Allgood Manor Assistant Home Inc. ("Allgood Manor"), Sophia Drummond ("Ms. Drummond") or Ernel Drummond ("Mr. Drummond") (collectively "Defendants") as domestic care workers ("Caregivers"). Specifically, Defendants paid Plaintiff and their other Caregivers a fixed monthly amount which was insufficient to

compensate them at minimum wage for all hours worked in each workweek and did not pay them the federally mandated premium rate for overtime. Defendants also misclassified their Caregivers as independent contractors, despite treating them as employees for all purposes except paying them the required minimum wage and overtime pay, in violation of the FLSA.

2. During the three-year period preceding the filing of this action and continuing to the present (the "Collective Action Period"), Plaintiffs, including those who opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), seek to recover unpaid minimum wages and overtime pay, liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper in this district under 28 U.S.C. §1391 because Defendants operate several intermediate care homes in the State of Georgia, including this judicial district.

5. Venue is also appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

6. Plaintiff Veronica Samuels is a resident of Stone Mountain, Georgia, which is located in DeKalb County.

7. Plaintiff was at all relevant times employed by Defendants as live-in Caregiver in Defendants' intermediate care home located at 1044 Parkwest Lane, Stone Mountain, Georgia 30088 (the "Home").

8. Plaintiff brings this action on behalf of herself and other past and present similarly situated employees of Defendants during the Collective Action Period, pursuant to the FLSA, 29 U.S.C. § 216(b).

9. Defendant Allgood Manor is a Georgia for-profit corporation with its principal place of business located at 6358 Deshong Drive, Lithonia, Georgia 30058. Allgood Manor owns and/or operates several intermediate care homes in the areas surrounding the Atlanta, Georgia metropolitan area.

10. Allgood Manor may be served with process through its registered agent, Sophia Drummond, at 4642 Randalwood Drive, Stone Mountain, Georgia 30083.

11. Allgood Manor is subject to the personal jurisdiction of this Court.

12. Defendant Sophia Drummond was at all relevant times the sole owner and shareholder and the CEO, CFO and Secretary of Defendant Allgood Manor.

13. Ms. Drummond is a resident of DeKalb County, Georgia.

14. Ms. Drummond may be served with process at the address listed with the Georgia Secretary of State for her as the registered agent of Allgood Manor and/or her residence in Stone Mountain, Georgia.

15. Ms. Drummond is subject to the personal jurisdiction of this Court.

16. From approximately January 2020 through February 2021, Defendant Ernel Drummond managed the Home and paid Plaintiff's wages.

17. Mr. Drummond is a resident of DeKalb County, Georgia.

18. Mr. Drummond may be served with process at his residence in Lithonia, Georgia.

19. Mr. Drummond is subject to the personal jurisdiction of this Court.

## GENERAL ALLEGATIONS

20. Plaintiff was employed by Defendants as a live-in Caregiver at the Home. Her duties included providing custodial and nursing care to the 2-3 developmentally delayed adult patients who resided with her in the home.

21. Defendants classified Plaintiff as an independent contractor and reported her wages on an IRS Form 1099.

22. Plaintiff, however, met the legal requirements to be considered an "employee" under the FLSA.

23. From approximately January 2020 through February 2021, while he managed the Home, Mr. Drummond had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined employee compensation, and maintained employment records. Accordingly, during this time period, Mr. Drummond met the legal requirements to be considered Plaintiff's "employer" under the FLSA.

24. From approximately January 2020 through February 2021, Allgood Manor and Ms. Drummond also had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined employee compensation, and maintained employment records. Accordingly, during this time period, Allgood Manor and Ms. Drummond met the legal requirements to be considered Plaintiff's joint "employer" under the FLSA.

25. From approximately March 2021 through September 2021, Allgood Manor paid Plaintiff's wages and met the legal requirements to be considered Plaintiff's "employer" under the FLSA.

26. From approximately March 2021 through September 2021, Ms. Drummond managed the Home and had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of

employment, determined employee compensation, and maintained employment records. Accordingly, during this time period, Ms. Drummond also met the legal requirements to be considered Plaintiff's "employer" under the FLSA.

27. Plaintiff and Defendants' other Caregivers were domestic service employees employed by a third party employer (*i.e.*, not by the family or household using the services), as defined in the FLSA regulations. 29 C.F.R. §§ 552.101, 552.109.

28. Accordingly, the FLSA's minimum wage and overtime pay requirements applied to Plaintiff and Defendants' other Caregivers.

29. Throughout her employment, except for 3 weeks of unpaid leave in December 2020, Plaintiff worked every day from approximately 7:30am until 12am.

30. From approximately 12am to 7:30am, Plaintiff was permitted sleeping time, but that was often delayed or interrupted by the patients' care needs.

31. Plaintiff's job duties included making and serving breakfast, lunch, snacks and dinner for the patient residents, administering their medications, providing one-on-one care for patients' daily life activities, scheduling and taking patients to medical and dental appointments, cleaning the entire home, laundry, washing dishes and trash removal.

32. Other current and former Caregivers employed by Defendants had similar job duties and worked similar hours.

33. Throughout her employment, Defendants paid Plaintiff and their other Caregivers a fixed monthly salary, but did not pay them the overtime premium required by the FLSA for hours worked in excess of 40 per workweek.

34. The amount of the fixed monthly salary Defendants paid Plaintiff and their other Caregivers was insufficient to compensate them at least at the minimum wage of $7.25 for every hour worked in each workweek.

35. For example, according to her Form 1099, Plaintiff was paid a total of $29,820, or $608.57 per week ($29,820 / 49 workweeks) in 2020.

36. After deducting 7 hours of non-working sleep time, Plaintiff worked approximately 119 hours per week (17 hours x 7 days).

37. Accordingly, the salary Defendants paid Plaintiff equated to $5.11 per hour ($608.57 / 119).

38. Defendants' pay practices violate the minimum wage and overtime pay requirements of the FLSA, 29 U.S.C. §§ 206, 207. As a result of these unlawful practices, Plaintiff and the other Caregivers have suffered damages.

39. Defendants' failure to pay minimum and overtime wages to Plaintiff and the other Caregivers was willful.

40. Defendants had no good faith basis to believe that their pay practices complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other persons who worked for Defendants as Caregivers during the Collective Action Period (the "Class Members").

42. Defendants classify as independent contractors and pay all of their Caregivers in the same manner described above. In this regard, Defendants maintain a "common pay practice or policy" and the Class Members are similarly situated to Plaintiff.

43. Defendants' Caregivers all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, be compensated at a different rate, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

44. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

45. Plaintiff will request that the Court authorize notice to be sent to all current and former Caregivers who were employed by Defendants within the Collective Action Period, informing them of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wage and overtime compensation, liquidated damages and attorney's fees and costs under the FLSA.

## COUNT I
## UNPAID MINIMUM WAGES IN VIOLATION OF THE FLSA

46. Plaintiff incorporates the allegations in the preceding paragraphs.

47. Defendants failed to pay Plaintiff and the Class Members at least at the required minimum wage rate for all hours worked in each workweek.

48. Plaintiff and the Class Members are entitled to recover the difference between the wages Defendants paid them and the minimum wage rate ($7.25 per hour) for all hours worked during the Collective Action Period, an equal amount as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs. 29 U.S.C. §§ 206, 216(b).

## COUNT II
## UNPAID OVERTIME IN VIOLATION OF THE FLSA

49. Plaintiff incorporates the allegations in the preceding paragraphs.

50.     Defendants failed to pay Plaintiff and the Class Members overtime at the required rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in each workweek.

51.     Plaintiff and the Class Members are entitled to recover overtime pay for all hours worked in excess of 40 in each workweek during the Collective Action Period, calculated at one and one-half times their regular rate of pay, an equal amount as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs. 29 U.S.C. §§ 207, 216(b).

## **PRAYER FOR RELIEF**

Plaintiff demands that judgment be entered against Defendants and in favor of Plaintiff and the Class Members, awarding them:

A.  The difference between the wages Defendants paid them and the minimum wage rate ($7.25 per hour) for all hours worked during the Collective Action Period;

B.  Overtime pay calculated at one and one-half times their regular rate of pay for al hours worked in excess of 40 in each workweek during the Collective Action Period;

C.  An amount equal to their unpaid minimum wage and overtime pay as liquidated damages;

D.  Reasonable and necessary attorneys' fees, costs and expenses of this action; and

E.  Such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.

                        Respectfully Submitted,

                        */s/Gregory R. Fidlon*
                        Gregory R. Fidlon
                        Georgia Bar No. 259317
                        FIDLON LEGAL, PC
                        3355 Lenox Road, Suite 750
                        Atlanta, Georgia 30326
                        Tel: (844) 529-4967
                        Fax: (844) 529-4329
                        greg@fidlonlegal.com

                        *Attorneys for Plaintiff and*
                        *Putative Class Members*